# HOFFMAN POLLAND & FURMAN PLLC
Attorneys At Law
220 EAST 42nd STREET, SUITE 435
NEW YORK, NEW YORK 10017
(212) 338-0700
FAX (212) 338-0093
www.HPF-Law.com
_____

September 11, 2015

**VIA ECF**

Hon. Carol Bagley Amon, Chief Judge,
United States District Court, Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

        Re: GEICO Insurance Company v. Mayard, et al.
           Docket #: 15- CV- 04077 (CBA) (RML)

Dear Judge Amon:

 On behalf of our clients Yvette Davidov, D.O and S&R Medical P.C. ("S&R") kindly accept this pre-motion conference letter in accordance with Part 3(A) of Your Honor's Rules. We request a pre-motion conference in support of our anticipated motion to sever Plaintiffs' claims against these Defendants on the ground of misjoinder under FRCP 20(a), and to dismiss the Complaint pursuant FRCP 12(b)(6) and 9(b).

 This case is yet one more of the interminable series of "clawback" suits commenced by no-fault automobile insurance carriers under the Racketeer and Influenced Corrupt Organizations Act, 18 U.S.C. §1961 et seq. ("RICO") against healthcare providers servicing the carrier's insureds. But no case epitomizes the oft-repeated warning that the federal courts "must always be on the lookout for the putative RICO case that is really nothing more than an ordinary fraud case clothed in the Emperor's trendy garb." See United States Fire Ins. Co. v. United Limousine Serv., Inc., 303 F. Supp. 2d 432, 443 (S.D.N.Y. 2004); Spiteri v. Russo, No. 12–CV–2780, 2013 WL 4806960, at 46 (E.D.N.Y. 2013) than does the instant case.

 Here, Plaintiffs GEICO joins six (6) medical PC Defendants and their respective owners, alleging the existence of six independent RICO "enterprises" and patterns of racketeering activity, plus pendent state law claims for fraud and unjust enrichment relative to each "enterprise". Significantly, none of the causes of action against any of the Defendants sound in RICO conspiracy under 18 U.S.C. 1962(d). Not only is there absent any allegation of "common scheme or plan'" amongst the Defendants[1], this Complaint never once seeks relief against them "jointly and severally". The only apparent commonality is the billing by the PC Defendants for basic medical services and testing typically rendered to automobile accident victims such as examinations, physical therapy and muscle testing.

---

[1]  Complaint ¶36 inconsistently alleges, without any explanation, that "the Defendants have masterminded and implemented a complex series of interrelated fraudulent schemes". There are never any follow-up to this isolated allegation. Indeed, this is yet one more reason why this Complaint lacks facial plausibility within the meaning of Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), as elaborated, infra.

**Improper Joinder Requires Severance**

We respectfully submit that the Moving Defendants are not properly joined under FRCP Rule 20(a). Rule 20(a)(2) permits the joinder of multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

As is clear from the express language of the Rule, both criteria must be met for joinder to be proper. See Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009), and cases cited therein. Here, it is clear that the first leg of the dual requirement for joinder under Rule 20(a)(2) has not been met. First, there is not even an allegation that the Defendants are "jointly and severally" liable. [2] Second, neither can it be argued that the allegations against the six (6) Defendant PCs, each of whom billed GEICO independently, arise out of the same transaction, occurrence, or series of transactions and occurrences.

Courts within this Circuit repeatedly have interpreted the phrase "same transaction" to encompass "all logically related claims" and have counseled that such determinations are to be made on a case-by-case basis. See, e.g., Blesedell v. Mobil Oil Co., 708 F.Supp. 1408 (S.D.N.Y. 1989) . It is the plaintiff who bears the burden of demonstrating that joinder is warranted under Rule 20(a)(2) See Deskovic, supra , 673 F. Supp. 2d at 159 (S.D.N.Y. 2009).

**Thus, the federal courts have repeatedly refused to permit joinder of parties who engaged in similar types of activity, but who were not in concert with one another.** See, e.g., Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co., 497 F.2d 1151, 1154 (2d Cir.1974) (holding in case where associations of insurance agents sued 164 insurance companies that joinder of the defendants was improper because the transactions between the companies and the agents were different and there were no allegations of conspiracy or other concerted action )[3]; Wynn v. National Broad., 234 F.Supp.2d 1067, 1078 (C.D.Cal.2002) (mere assertion that the 51 defendants were members of a common industry was not enough to permit joinder of defendants); Androphy v. Smith & Nephew, Inc., 31 F.Supp.2d 620, 623 (N.D.Ill.1998) (in patent-infringement action, claims against different companies with different products in competition with each other had been improperly joined); Tele–Media Co. of W. Connecticut v. Antidormi, 179 F.R.D. 75, 76 (D.Conn.1998) (cable-television provider sued 104 defendants alleging that

---

[2] According to Black's Law Dictionary (10th edition, 2014), the term "joint and several" means that the potential liability is "apportionable at an adversary's discretion either among two or more parties or to only one or a few select members of the group; together and in separation". Clearly, that is not the case here and Plaintiffs concede as such. Accordingly, as per Rule 20(a)(2)(A), the Movants are misjoined unless Plaintiffs can demonstrate that their allegations against each of these Defendants arise "out of the same transaction, occurrence, or series of transactions and occurrences".

[3] In Nassau County Ass'n ,the misjoinder , resting on thousands of unrelated transactions, moved the Second Circuit to hold that it was such a gross abuse of procedure that dismissal under F.R.Civ.P. 41(b), for failure to comply with the federal rules, was warranted. Although the usual remedy under Rule 21 is severance, the Court reasoned that mere severance would be inadequate to remedy plaintiffs' abuse since the result would be thousands of individual actions, in all of which the plaintiff association, rather than individual agents and policyholders, would be the sole plaintiff. The instant case arguably represents a similar instance of abuse.

2

they had used an illegal converter; in absence of any claim of conspiracy or joint action, same-transaction requirement was not satisfied). Accordingly, there is simply no basis for joinder of these Defendants[4] .

**Dismissal Under Ashcroft v. Iqbal**

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face'." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) . Stated differently, to state a plausible claim for relief, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic vs. Twombly, 550 U.S. at 555; see also ATSI Commc'ns Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (2009).

Here, when the layers of boilerplate are stripped away, the entire Complaint essentially becomes series of legal conclusions strung together in an attempt to tell a story which, at least with regard to the Movants herein, is not merely implausible, but preposterous. Complaint ¶¶ 38 and 40 obtusely refer to a vague "network" of "clinics" throughout "the greater New York City area", but do not explain their relationship, and then claim that these clinics pay unexplained "kickbacks" to unspecified "individuals and entities that controlled the Clinics". It is obvious that this is rank speculation.

**Insufficient Specificity Under Rule 9(b)**

GEICO's Complaint fails to measure up to the heightened particularity requirements for a RICO action under Rule 9(b). We are left to guess what the alleged misrepresentations for each claim are. Which claims are deemed to be "medically unnecessary"? Which are "unbundled", or upcoded"? Moreover, GEICO takes pains to state that "in many cases…the services never were performed in the first instance Complaint ¶5(ii). The schedule regarding these Movants, Exhibits 7, makes no reference whatsoever to the nature of the purported misrepresentations constituting the "fraud".

GEICO also attributes virtually all of the purported misconduct it alleges to "Defendants" generally, with no attempt to name specifically who did what, who said what, or who knew what at what time or who prepared what. Indeed, with the possible exception of a single paragraph , ¶ 176) the "substantive" allegations of the Complaint—if that is what they can be called-- lump together all "Defendants," without specifying which of them committed what acts. Tarring all "defendants" and singling out none is a device that Rule 9(b) does not abide. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.' "); Pac. Elec. Wire & Cable Co. v. Set Top Int'l Inc., 2005 WL 578916, at 15 (S.D.N.Y. 2005) (Keenan, J.) ("Plaintiffs' lumping together of fraud allegations against the 'Defendants' . . . does not satisfy Rule 9(b).")

For the reasons stated above, we request an opportunity to amplify these arguments in a formal motion to dismiss and/or sever the allegations against the Moving Defendants.

---

[4] Mis-joinder also contravenes judicial economy. Here, as in Next Phase Distribution, Inc. v. John Does 1-27, 284 F.R.D. 165, 170 (S.D.N.Y. 2012), unless the requested severance is granted, this Court will undoubtedly have to adjudicate separate motions and discovery disputes and make decisions based on evidence not common to all defendants. As a result, case management and the litigation process for the individual defendants would quickly become complicated and unmanageable.

Respectfully,

_____

Mark L. Furman (MF8846)